Argued at Pendleton October 16; affirmed November 6, 1946

## STATE v. JONES
(173 P. (2d) 960)

RALPH S. HAMILTON, Judge.

*H. H. De Armond,* of Bend (with De Armond & Goodrich on brief), for appellant.

*A. J. Moore,* District Attorney for Deschutes County, for respondent.

Before BELT, Chief Justice, and KELLY, BAILEY, LUSK, BRAND and HAY, Justices.

**BELT, C. J.**

Defendant was convicted of the crime of an assault with a dangerous weapon and sentenced to serve a term of one year in the penitentiary.

■ This criminal action arose out of a fight in a beer tavern in Bend, Oregon, between William Haffner and the defendant. There is much conflict in the evidence concerning what transpired. However, it is not the function of this court in such cases to weigh the evidence or determine the credibility of witnesses. The assignment of error, based upon the refusal of the court to direct a verdict of acquittal, presents the precise question as to whether there is any substantial evidence to support the judgment of conviction. The statement of the case will therefore be made in keeping with these well established legal principles.

William Haffner, who had been seated with his wife at a table in the rear of the "Shamrock Cafe", went to the front of the room to play a music box. As he returned to his seat, and while passing the defendant who was standing with his back to the bar, the latter—a complete stranger to Haffner—questioned him concerning his nationality. Haffner replied that he was a "German-born American and proud of it." The defendant then called Haffner a "Nazi-sympathizing son-of-a-bitch", whereupon Haffner took off his coat and struck the defendant once in the mouth with his fist. Defendant seized a pint beer bottle from the bar and proceeded to beat Haffner across the face and head with it. At this time, Haffner's arms were being held behind his back by a person designated in the record as "White Hat". The beer bottle broke, but the defendant continued to jab its broken edges into the face of the prosecuting witness. When the

defendant's hand was cut by the neck of the bottle, he dropped it and reached for another bottle on the bar, but was prevented from getting it by his wife and the bar-maid. Haffner was "knocked out" on his feet; six major arteries in his face were severed, causing a severe hemorrhage. He was taken to a hospital and about seventy stitches were taken in his neck and face by Dr. Vandevert in order to stop the hemorrhage.

■ Defendant contends, as a matter of law, that the evidence shows that he used only such force as it appeared to him reasonably necessary to repel the attack of Haffner. The jury, as evidenced by its verdict, no doubt concluded that defendant used excessive force and was guilty of a brutal and vicious assault. We are not prepared to say that the judgment of the jury was wrong. Indeed, there is ample evidence to support the verdict.

■ We are assuming that Haffner had no provocation recognized by law to strike the first blow. Mere words, however insulting or opprobrious, cannot, in the absence of statute, justify an assault. 6 C. J. S. 943, § 91, 4 Am. Jur. 154, § 53, Wharton Cr. L. (12th ed.) Vol. 1, § 817. The defendant had the right to repel force with force, but he could not under the guise of self-defense become an aggressor. If the evidence offered on behalf of the state is true—and for the purposes of this appeal it must be assumed to be so—defendant had no reasonable ground to believe that Haffner—with his arms pinioned behind him —would endanger his life or cause him bodily harm. There was not enough disparity in the ages or physical strength of the combatants to justify the defendant's use of such excessive force.

■ Appellant urges that if it appeared to him that he was in danger of bodily harm—whether it actually existed or not—he was entitled to use such force as was deemed necessary to repel the attack. We think his belief must be based upon reasonable ground. As stated in *State v. Holbrook,* 98 Or. 43, 188 P. 947:

"The law is that the matter must be considered from the standpoint of a reasonable man in the plight of the defendants at the time, under all the conditions then surrounding them, as disclosed by the testimony."

In *Acers v. United States,* 164 U. S. 388, 41 L. Ed. 481, 17 S. Ct. 91, it is said:

" * * * it is not sufficient that the defendant claims that he believed he was in danger, but that it is essential that there were reasonable grounds for such belief * * *."

We have read the entire transcript of the evidence and are convinced that the verdict is supported by substantial evidence. The cause was fairly submitted to the jury, and its findings are conclusive.

We find no merit in any of the assignments of error.

Judgment is affirmed.